## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

ADAM R. PODNAR, III,

          Plaintiff,

vs.

JOHN BERNAU, DELAWARE
COUNTY COURT, TOM GOODMAN,
STATE PUBLIC DEFENDER OFFICE,
ALAN L. PEARSON,

          Defendants.

No. C11-2064-LRR

INITIAL REVIEW ORDER

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on October 11, 2011. The clerk's office filed the case in this district on October 12, 2011. Prior to the case being transferred or on October 7, 2011, the plaintiff submitted an application to proceed in forma pauperis and a complaint pursuant to 42 U.S.C. § 1983. Additionally, on October 31, 2011, the plaintiff filed a supplement.

### I.  IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected

even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  28 U.S.C. § 1915(b)(1).  Based on the statements that the plaintiff made, the court finds that the initial partial filing fee is $7.00.  28 U.S.C. § 1915(b)(1).  The plaintiff shall submit $7.00 by no later than December 20, 2011.  If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).  The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court.  Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).  Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff.  *Id*.  The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II.  STANDARD OF REVIEW

A pro se complaint must be liberally construed.  *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.

Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III.  CLAIM ASSERTED

Currently confined at the Delaware County Jail in Manchester, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to criminal proceedings. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff claims that the defendants improperly handled his criminal case. Specifically, he states that John Bernau, as the prosecutor, Tom Goodman,

as his attorney, and Alan L. Pearson, as the judge presiding in his case, wrongfully and illegally allowed him to enter an invalid guilty plea.  As relief, the plaintiff states that he wants $300,000 to $500,000 in damages.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979).  "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617.  Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]."  42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the

Constitution.).  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B.  Plaintiff's Claim

Based on the facts alleged, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983.  In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim.  The plaintiff's label of his action cannot be controlling.  *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 U.S. at 489-90).  If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available.  *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993).  It is the substance of the relief sought which counts.  *Kruger,* 77 F.3d at 1073.

In this action, the plain language of the complaint and other documents demonstrates that the plaintiff is challenging the validity of his confinement or the validity of the criminal proceedings that were commenced against him.  The plaintiff, among other things, complains about the manner in which he entered his original plea, not being able to have a fair trial, facing an excessive bail amount and being confined while others are treated differently.  Clearly, the plaintiff is dissatisfied with events that are related to *State v. Podnar, III*, Case No. FECR006458 (Delaware County Dist. Ct. 201_), and *Podnar, III, v. State*, Case No. PCCV007168 (Delaware County Dist. Ct. 2011).[1]  And, it is clear

---

[1] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

that the plaintiff is seeking compensation, but a 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).   Because the record reflects that the plaintiff is still facing criminal charges and there has been no resolution of *State v. Podnar, III*, Case No. FECR006458 (Delaware County Dist. Ct. 201_), the plaintiff's claims under 42 U.S.C. § 1983 fail as a matter of law.   *See, e.g., Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007) (applying "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. at 477); *Portley-El v. Brill*, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (same); *Williams v. Nelson*, 1998 U.S. App. LEXIS 2712 (8th Cir. 1998) (same); *Ladd v. Mitchell*, 1996 U.S. App. LEXIS 18771 (8th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (same).   Accordingly, the instant action shall be dismissed.

Further, with respect to the named defendants, the plaintiff's complaint is deficient. First, a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability.   *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996).   Here, it is clear that Alan Pearson performed as a judge.   Accordingly, the plaintiff's action against Alan Pearson shall be dismissed for failing to state a claim upon which relief can be granted.   Second, a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties.   *See Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992).   Here, it is clear that John Bernau performed as a prosecutor, that is, initiated a prosecution and/or is presenting the State's

case and that conduct is intimately associated with the judicial phase of the criminal process.  Accordingly, the plaintiff's action against John Bernau shall be dismissed for failing to state a claim upon which relief can be granted.  Third, a private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984).  Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or a public defender) takes during the course of representing a defendant.  *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285.  Consequently, Tom Goodman's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim that he unconstitutionally advised him or represented him must be dismissed for lack of subject matter jurisdiction.  Accordingly, the action against Tom Goodman shall be dismissed for failing to state a claim upon which relief can be granted.  Lastly, the plaintiff's complaint does not include specific allegations against the remaining defendants; the plaintiff's 42 U.S.C. § 1983 action against the remaining defendants is not cognizable because the plaintiff does not allege that their conduct caused the deprivation of a federally protected right or that they were personally involved with or had direct responsibility for the incidents alleged in the complaint.  *See Gully v. Maynard*, 218 F. App'x 551, 552 (8th Cir. 2007); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  Accordingly, the plaintiff's action against the remaining defendants shall be dismissed for failing to state a claim upon which relief can be granted.

Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall

count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 2) is granted.

(2) The clerk's office  is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $7.00 by no later than December 20, 2011.  If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2).   Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 1st day of December, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:   **WARDEN/ADMINISTRATOR**
      **Delaware County Jail, Manchester, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Adam R. Podnar, III, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Podnar, III v. Bernau et al.*, Case No. C11-2064-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $7.00, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa